UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JECSAN ENOC SOZA GUTIERREZ,

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-08117-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, AND DENYING MOTIONS FOR TEMPORARY RESTRAINING ORDER AND TO APPOINT COUNSEL AS MOOT

(Doc. Nos. 2, 3, 4)

On October 2, 2026, petitioner, proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order, a motion to proceed *in forma pauperis*, and a motion to appoint counsel. (Doc. Nos. 2, 3, 4.) On October 7, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 7.) In that same order, the court directed if respondent opposed the court ruling on the underlying petition based on the current briefing before it,

/////

respondent was to so indicate in the opposition and provide substantive reasons in support of that position. (*Id.*)

On October 9, 2026, respondent filed an opposition to the pending motion arguing that it "maintains the position that 8 U.S.C. § 1226(b)(2)(A) governs" petitioner's detention. (Doc. No. 8 at 1.) However, respondent also states that under the Ninth Circuit's ruling in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026), petitioner's detention is governed by § 1226(a). (*Id.*) Respondent did not state opposition to the court ruling directly on the merits of the petition based on the present briefing, and the court will do so.

Based upon the parties' briefing, the court finds the following facts. Petitioner originally entered the United States in January 2022. (Doc. No. 1 at 9.) Petitioner alleges, and respondent does not dispute, that he was briefly detained by immigration authorities then paroled into this country. (*Id.* at 12.) On or about August 10, 2026, ICE re-detained petitioner during a traffic stop in Florida. (Doc. No. 8-1 at 2.) There is no indication that petitioner was provided notice or a hearing before he was re-detained.

As a preliminary matter, it is unclear from the parties' briefing and corresponding evidence submitted in support thereof whether petitioner was originally paroled into the United States pursuant to 8 U.S.C. § 1226(a) or 8 U.S.C. § 1182(d)(5). *See Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025) (noting that parole pursuant to § 1182(d)(5) is distinct from § 1226(a)). However, and in any event, because petitioner was previously released into the United States, he obtained a liberty interest in his continued freedom from immigration detention regardless of the statutory provision under which he was originally paroled into the country. *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO (HC), 2025 WL 2959319, at *4–5 (E.D. Cal. Oct. 17, 2025) (reaching the same conclusion). Further, because petitioner was re-detained without notice or a pre-deprivation hearing, his re-detention violated due process and he is entitled to release under either provision. *Chavarria*, 2025 WL 3533606, at *2–5 (concluding that the re-detention of a noncitizen who was previously paroled into the United States pursuant to 8 U.S.C. § 1182(d)(5) without notice or a pre-detention hearing violated due process); *Florez v. Robbins*, No. 1:25-cv-01897-CSK, 2026

WL 593101, at *2–5 (E.D. Cal. Mar. 3, 2026) (reaching the same conclusion as to a petitioner who was previously released on parole pursuant to § 1226(a) and subsequently re-detained without notice and a pre-detention hearing).

For the reasons above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:
    a. Respondent is ORDERED to immediately release petitioner Jecsan Enoc Soza Gutierrez, A-File No. 240-209-484, under the same conditions, if any, he was subject to prior to his re-detention on or about August 10, 2026;
    b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without notice and a hearing before an immigration judge at which hearing respondent will have the burden of establishing that petitioner is either a danger or flight risk by clear and convincing evidence;
2. Petitioner's motion for temporary restraining order (Doc. No. 2) and motion to appoint counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting him habeas relief;
3. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 3) is GRANTED;
4. The Clerk of the Court is directed to serve a copy of this order on the Central Valley Annex Detention Facility; and
5. The Clerk of the Court is also directed to enter judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 13, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE